98 F.3d 1360
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Clarence F. JEFFERSON, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 96-3273.
 United States Court of Appeals, Federal Circuit.
 Oct. 16, 1996.
 
 Before NEWMAN, MAYER, and CLEVENGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Clarence F. Jefferson appeals from the decision of the Merit Systems Protection Board, Docket No. DE831E960002I1, denying his request for disability retirement because the application was untimely filed. We affirm the decision of the Board.
 
 
 2
 On March 21, 1995, Mr. Jefferson applied to the Office of Personnel Management for disability retirement. OPM determined that Mr. Jefferson was separated from his position as a facilities manager with the Bureau of Indian Affairs, effective April 3, 1992. Citing 5 U.S.C. § 8337(b), which requires that an application for disability retirement be made no later that one year after the employee's separation from service, OPM denied the application. The Board sustained the action of OPM and Mr. Jefferson appealed here.
 
 The controlling statute is clear:
 
 3
 (b) A claim may be allowed under this section only if the application is filed with the Office before the employee or Member is separated from the service or within 1 year thereafter. This time limitation may be waived by the Office for an employee or Member who at the date of separation from service or within 1 year thereafter is mentally incompetent, if the application is filed with the Office within 1 year from the date of restoration of the employee or Member to competency or the appointment of a fiduciary, whichever is earlier.
 
 
 4
 5 U.S.C. § 8337.
 
 
 5
 OPM advised Mr. Jefferson of this time limit and permitted him an opportunity to request a waiver and submit evidence of incompetency, if such existed.
 
 
 6
 Mr. Jefferson does not allege that he was at any relevant time incompetent, or that the Board was mistaken in its determination of his effective date of separation from service or date of application for disability retirement (the only factual determinations it made). Instead, he reports that he was not informed of the requirements, or even the availability, of disability retirement when he left government service, and only learned of them when he later applied for Social Security benefits. Mr. Jefferson requests that we "put aside" the requirements of § 8337(b) and apply a three year limitation period instead, citing a time period related to OWCP claims.
 
 
 7
 We are powerless to grant the relief Mr. Jefferson requests. The statute does not require that retirees be provided notice of its provisions, nor does it permit waiver of the application deadline for any reason other than mental incompetence. The Board was correct in sustaining the agency's action.